GILBERT and others *vs.* CORBIN & FOSTER.

Where a cognovit is given in a cause in which there are several plaintiffs, and *before* the entry of the judgment thereon, one of the *plaintiffs* dies, the judgment may be entered *in the names of the original parties* at any time within *two terms* after the giving of the cognovit.
It is not necessary in such case to obtain the previous leave of the court to enter the judgment.

A COGNOVIT was given in *February* last, and in *May* judgment was entered thereon in the names of the original parties. In *March* preceding, *one* of the plaintiffs died, but his death was not known to the plaintiffs' attorney at the time of the entry of the judgment. The defendants move to set aside the judgment and subsequent proceedings for irregularity, because the death of the party was not suggested on the record.

*By the Court*, BRONSON, J. This case is provided for by the fourth section of the statute concerning the abatement of suits by death: which declares that " after a verdict shall be rendered in any action, and after a plea of confession in any suit brought, if either party die before judgment be actually entered thereon, *the court* may, within two terms after such verdict or plea, enter final judgment in the names of the original parties." (2 *R. S.* 387, § 4.) The judgment was entered at the first term after the death of Mr. Walker, and the statute expressly authorized it to be done " in the names of the original parties." The former statute on this subject was copied from the act 17 *Car.* 2, *ch.* 8; and although it did not provide how the judgment should be entered, [601] the practice under it was to perfect the judgment as though the party were alive. (1 *R. L.* 144, § 5. 2 *Tidd.* 966. 1 *Salk.* 401.)

Although the words are that *the court* may enter judgment, the provision was made for the benefit of the parties; and I think no motion for leave to proceed was necessary. It is not a case where the court could be required to exercise its discretion; and a motion would have occasioned useless expense, as well as unnecessary delay. The plaintiffs were regular.                      Motion denied.